SC

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Gary J. Addis,

               Plaintiff,

v.

Arizona Department of Corrections, et al.,

               Defendants.

No.  CV14-1115-PHX-DGC (BSB)

**ORDER**

Plaintiff Gary J. Addis, who was then confined in the Arizona State Prison Complex in Florence, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*.  (Doc. 1, 2.)  Plaintiff was subsequently released.  The Court granted Plaintiff leave to file a *non*-prisoner application to proceed *in forma pauperis*.  (Doc. 10.)  Plaintiff has done so and his Application will be granted.  (Doc. 11.)  Plaintiff has filed a First Amended Complaint, which supersedes his original Complaint in its entirety.  (Doc. 13.)  The Court will dismiss the First Amended Complaint for failure to state a claim with leave to amend.

**I.**    **Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon

1  which relief may be granted, or that seek monetary relief from a defendant who is
2  immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

3      A pleading must contain a "short and plain statement of the claim *showing* that the
4  pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8
5  does not demand detailed factual allegations, "it demands more than an unadorned, the-
6  defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678
7  (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere
8  conclusory statements, do not suffice."  *Id.*

9      "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a
10 claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*,
11 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual
12 content that allows the court to draw the reasonable inference that the defendant is liable
13 for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible
14 claim for relief [is] . . . a context-specific task that requires the reviewing court to draw
15 on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's
16 specific factual allegations may be consistent with a constitutional claim, a court must
17 assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.*
18 at 681.

19     But as the United States Court of Appeals for the Ninth Circuit has instructed,
20 courts must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338,
21 342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less
22 stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v.*
23 *Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

24     If the Court determines that a pleading could be cured by the allegation of other
25 facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal
26 of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).
27 Plaintiff's First Amended Complaint will be dismissed for failure to state a claim, but
28 with leave to amend.

## II.     First Amended Complaint

Plaintiff alleges six counts for violation of his religious rights and inadequate medical care.  Plaintiff sues the Arizona Department of Corrections (ADC) and current or former ADC employees:  Director Charles Ryan and Division Director of Health Services Richard Pratt.  Plaintiff also sues three private corporations that have contracted with ADC to provide medical services, medications, or meals:  Corizon, Inc., which is responsible for providing medical care to ADC inmates; PharmaCorr, which is responsible for providing prescribed medications to ADC inmates; and Trinity Services Group (Trinity), which provides meals to ADC inmates.  Plaintiff also sues the following persons who are, or were, Corizon employees:  Physician's Assistant (PA) Ryan Brower; Assistant Facility Health Administrator Peiera; Facility Health Administrators (FHAs) Parkinson and Artley; and numerous John and Jane Does.  Plaintiff also sues the following current or former Trinity employees:  Manager Renton, Manager/Supervisors Hedrick and Schulz (or Schultz), and numerous John and Jane Does.[1]  Plaintiff seeks injunctive, compensatory, and punitive relief.

Plaintiff alleges that his claims arose while he was incarcerated in the Arizona State Prison Complex-Central Unit, in Florence, Arizona, and that until June 30, 2014, he was incarcerated in Health Unit 8 in the Central Unit.  Plaintiff is Jewish and was approved to receive a kosher diet from 2011 until his release.  Over that time, Plaintiff "documented" more than 200 violations of the Kosher Meal Plan and provided information on a daily basis to "ADC and Deputy Warden Greg Fizer" and submitted numerous grievances.  Plaintiff received a standard response from ADC that Trinity had been reinstructed, but the problems continued or were exacerbated in retaliation for filing grievances.  Plaintiff alleges that correctional staff sometimes placed trash or contraband in the meals or anti-semitic notes.

---

[1]  Plaintiff states that he sues Ryan and Scott solely in their official capacities. Plaintiff did not name Scott as a defendant in his First Amended Complaint, nor include any allegations about him.  Scott is not further considered in this order.

1        Plaintiff alleges that Corizon provided abysmal medical care to him and that ADC

2   failed to supervise Corizon's provision of medical care.  He contends that commonly, in

3   response to grievances concerning medical care, "ADC" stated to "'take your concerns

4   directly to the Corizon Site Manager'" but Corizon would say that it did not respond to

5   inmate letters.  According to Plaintiff, failures in responding to medical needs were

6   systemic and resulted from the lack of adequate medical staff and clashes between front

7   line medical staff and Corizon's "corporate culture," which provided as little care as

8   possible.[2]

9   **III.    Failure to State a Claim**

10       To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the

11  conduct about which he complains was committed by a person acting under the color of

12  state law and (2) the conduct deprived him of a federal constitutional or statutory right.

13  *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989).  In addition, a plaintiff must

14  allege that he suffered a specific injury as a result of the conduct of a particular defendant

15  and he must allege an affirmative link between the injury and the conduct of that

16  defendant.  *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

17      **A.    ADC**

18       ADC is not a proper Defendant.  Under the Eleventh Amendment to the

19  Constitution of the United States, a state or state agency may not be sued in federal court

20  without its consent.  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100

21  (1984); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Furthermore, "a state is not a

22  'person' for purposes of section 1983.  Likewise 'arms of the State' such as the Arizona

23  Department of Corrections are not 'persons' under section 1983."  *Gilbreath v. Cutter*

24  *Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991) (citation omitted).  Therefore, the

25  Court will dismiss Defendant ADC.

26  _____

27      [2]  Plaintiff asks the Court to take judicial notice of the settlement in *Parsons v.
    Ryan*, No. 12-0601-PHX-(DKD).  The settlement of the class action claims in *Parsons*
28  are a matter of public record, but defendants in that case did not admit fault and, because
    the case was settled, there was no finding of fault.  Moreover, *Parsons* did not establish
    that *Plaintiff* was denied constitutionally adequate medical care.

**B.     Doe Defendants**

Plaintiff also sues numerous Doe Defendants without alleging facts to support how any of them violated his constitutional rights.  Rule 10(a) of the Federal Rules of Civil Procedure requires the plaintiff to include the names of the parties in the action.  As a practical matter, it is impossible in most instances for the United States Marshal or his designee to serve a summons and complaint or amended complaint upon an anonymous defendant.

The Ninth Circuit has held that where identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.  *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)).  Where the names of individual defendants are unknown at the time a complaint is filed, a plaintiff may refer to the individual unknown defendants as Defendant John (or Jane) Doe 1, John Doe 2, and so on, *and* allege facts to support how each particular Doe defendant violated the plaintiff's constitutional rights.  A plaintiff may thereafter use the discovery process to obtain the names of fictitiously-named defendants whom he believes violated his constitutional rights and seek leave to amend to name those defendants.

As discussed herein, Plaintiff will be granted leave to file an amended complaint in which he should name as Defendants the person(s) who allegedly violated his constitutional rights.  If Plaintiff does not know the names of those person(s), Plaintiff may refer to each such person by a fictitious name, e.g., John Doe 1, John Doe 2, and so on *and* allege facts to support how each defendant violated his constitutional rights.  That is, Plaintiff must allege when, where, and how any Doe defendant violated his constitutional rights.

**C.     Corporate Defendants**

Plaintiff sues three private corporations, Corizon, PharmaCorr, and Trinity. Claims under § 1983 may be directed at "bodies politic and corporate."  *Monell v. Dep't*

*of Soc. Servs.*, 436 U.S. 658, 688-89 (1978).  Under the Civil Rights Act of 1871, Congress intended municipal corporations and other local government units to be included among those persons to whom § 1983 applies.  *Id.* at 689-90.  That proposition has been extended to corporations that act under color of state law.  *See Sable Commc's of Cal. Inc. v. Pacific Tel. & Tel Co.*, 890 F.2d 184, 189 (9th Cir. 1989) (willful joint participation of private corporation in joint activity with state or its agent taken under color of state law).

There are four ways to find state action by a private entity for purposes of § 1983: (1) the private actor performs a public function, (2) the private actor engages in joint activity with a state actor, (3) a private actor is subject to governmental compulsion or coercion, or (4) there is a governmental nexus with the private actor.  *Kirtley v. Rainey*, 326 F.3d 1088, 1093 (9th Cir. 2003).  Under the public function test, "the function [performed by the private actor] must traditionally be the exclusive prerogative of the state."  *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1486 (9th Cir. 1995); *see Kirtley*, 326 F.3d at 1093; *Lee v. Katz*, 276 F.3d 550, 554-555 (9th Cir. 2002).  The provision of medical care, medications, and meals to inmates is a traditional public function of the state.

To state a claim under § 1983 against a private entity performing a traditional public function, a plaintiff must allege facts to support that his constitutional rights were violated as a result of a policy, decision, or custom promulgated or endorsed by the private entity.  *See Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997); *Street v. Corrections Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996); *Wall v. Dion*, 257 F. Supp.2d 316, 319 (D. Me 2003); *see also Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 727 (4th Cir. 1999); *Rojas v. Alexander's Dep't Store, Inc.*, 924 F.2d 406, 408 (2d Cir. 1990); *Lux by Lux v. Hansen*, 886 F.2d 1064, 1067 (8th Cir. 1989).

Corizon, PharmaCorr, and Trinity performed or perform a traditional public function, i.e., providing health care, medications, or meals, to state inmates under a contract with ADC.  Plaintiff fails, however, to allege facts to support that any of them

promulgated or endorsed a policy or custom that resulted in the violation of Plaintiff's constitutional rights.  Further, because there is no *respondeat superior* liability under § 1983, a defendant's position as the employer of someone who allegedly violated a plaintiff's constitutional rights does not make it liable.  *Monell*, 436 U.S. at 691; *Taylor* 880 F.2d at 1045.  Plaintiff's allegations against Corizon and Trinity are vague and conclusory, particularly regarding when, how, or what corporate policies resulted in a violation of his constitutional rights; Plaintiff fails to allege any facts against PharmaCorr.  Although pro se pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action.  *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.  *Id.*  Accordingly, Corizon, PharmaCorr, and Trinity will be dismissed as Defendants.

### D.   Named Individual Defendants

Plaintiff sues several individual Defendants by name: Ryan, Pratt, Brower, Peiera, Parkinson, Artley, Renton, Hedrick, and Schulz/Schultz.  While these persons may be sued under § 1983, Plaintiff fails to state a claim against any of them.[3]

To state a claim against a defendant, "[a] plaintiff must allege facts, not simply conclusions [to] show that an individual was personally involved in the deprivation of his

---

[3]  "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.  As such, it is no different from a suit against the State itself."  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (internal citation omitted).  Therefore, Plaintiff cannot maintain a lawsuit for damages against Defendants Ryan and Pratt in their official capacities as he purports to do.  *See Hafer v. Melo*, 502 U.S. 21, 27 (1991) ("State officials sued for damages in their official capacity are not 'persons' for purposes of the suit because they assume the identity of the government that employs them."); s*ee also Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991) ("[A] state is not a 'person' for purposes of section 1983.  Likewise 'arms of the State' such as the Arizona Department of Corrections are not 'persons' under section 1983.") (citation omitted).  Since Plaintiff is no longer in custody, there is also no basis to seek injunctive relief against them in their official capacities.

- 7 -

civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).  For an individual to be liable in his official capacity, a plaintiff must allege injuries resulting from a policy, practice, or custom of the agency over which that individual has final policy-making authority.  *See Cortez v. County of Los Angeles*, 294 F.3d 1186, 1188 (9th Cir. 2002).  Further, there is no *respondeat superior* liability under § 1983, so a defendant's position as the supervisor of someone who allegedly violated a plaintiff's constitutional rights, absent more, does not make him liable.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  A supervisor in his personal capacity, "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them."  *Taylor*, 880 F.2d at 1045.

In addition, where a defendant's only involvement in allegedly unconstitutional conduct is the denial of administrative grievances, the failure to intervene on a prisoner's behalf to remedy the alleged unconstitutional behavior does not amount to active unconstitutional behavior for purposes of § 1983.  *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); accord Proctor v. Applegate, 661 F.Supp.2d 743, 765 (W.D. Mich. 2009); *Stocker v. Warden*, No. 1:07-CV-00589, 2009 WL 981323, at *10 (E.D. Cal. Apr. 13, 2009); *Mintun v. Blades*, No. CV-06-139, 2008 WL 711636, at *7 (D. Idaho Mar. 14, 2008); *see also Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006) (a plaintiff must allege that a supervisor defendant did more than play a passive role in an alleged violation or mere tacit approval thereof; a plaintiff must allege that the supervisor defendant somehow encouraged or condoned the actions of their subordinates).

Plaintiff has not set forth facts to support when and how each of the above Defendants allegedly violated his constitutional rights.  Nor has Plaintiff set forth facts to support that his constitutional rights were violated as a result of a policy, custom or practice promulgated by any of the above Defendants as a policymaker.  Accordingly, Plaintiff fails to state a claim against any of them in his First Amended Complaint.

/ / /

1    **E.    RLUIPA**

2         Plaintiff alleges that he documented more than 200 occasions when kosher meals

3    did not comply with the Kosher Meal Plan in violation of the Religious Land Use and

4    Institutionalized Persons Act (RLUIPA), 42 U.S.C. §§ 2000cc-2000cc-5.    RLUIPA

5    prohibits the government from imposing a substantial burden on the religious exercise of

6    an institutionalized person unless the government establishes that the burden furthers a

7    "compelling governmental interest" and does so by "the least restrictive means."   42

8    U.S.C. § 2000cc-1(a)(1) - (2).   Therefore, to state a claim under RLUIPA, a plaintiff must

9    allege facts to support that government action has substantially burdened the exercise of

10   the plaintiff's religion without a compelling government interest and by the least

11   restrictive means.  *See Guam v. Gurerrero*, 290 F.3d 1210, 1222 (9th Cir. 2002).  "[A]

12   'substantial burden' on 'religious exercise' must impose a significantly great restriction

13   or onus upon such exercise."  *Warsoldier v. Woodford*, 418 F.3d 989, 995 (9th Cir. 2005)

14   (quotations omitted).    Thus, an institutionalized person's religious exercise is

15   substantially burdened "'where the state . . . denies [an important benefit] because of

16   conduct mandated by religious belief, thereby putting substantial pressure on an adherent

17   to modify his behavior and to violate his belief.'"  *Id.*[4]  Damages are not available under

18   RLUIPA either for official capacity claims, *Sossamon v. Texas*, __U.S. ___, 131 S. Ct.

19   1651, 1663 (2011), or individual capacity claims, *Wood v. Yordy*, 753 F.3d 899, 904 (9th

20   Cir. 2014).

21   _____

22      [4] In addition, "[i]nmates clearly retain protections afforded by the First
     Amendment, including its directive that no law shall prohibit the free exercise of
23   religion."  *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987) (internal quotations
     and citations omitted).  Free exercise rights are "necessarily limited by the fact of
24   incarceration, and may be curtailed in order to achieve legitimate correctional goals or to
     maintain prison security."  *Id.*  To state a First Amendment free exercise claim, a plaintiff
25   must allege that a defendant substantially burdened his religious practice without a
     justification reasonably-related to legitimate penological interests.  *Shakur v. Schriro*, 514
26   F.3d 878 (9th Cir. 2008); *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994); *Warsoldier*,
     418 F.3d at 995 (citing *Thomas v. Review Bd. of the Ind. Employment Sec. Div.*, 450 U.S.
27   707, 717-18 (1981) (pressure on exercise must be substantial)); *Canell v. Lightner*, 143
     F.3d 1210, 1215 (9th Cir. 1998) (same).  The religious practice or exercise at issue must
28   be rooted in sincerely-held religious belief and not in "'purely secular' philosophical
     concerns."  *Malik*, 16 F.3d at 333 (internal citation omitted).

1    Plaintiff asserts that trash, contraband, or notes were sometimes put in the meals,
2    but he does not allege that the meals were thereby rendered not kosher, or otherwise
3    contained non-kosher items.  He also fails to allege facts to support that ADC staff were
4    responsible for the trash, contraband, or notes.  Moreover, as noted above, Plaintiff is no
5    longer incarcerated.  Thus, there is no basis for Plaintiff to seek injunctive relief under
6    RLUIPA.  Because Plaintiff cannot otherwise recover damages under RLUIPA, his
7    RLUIPA claim must be dismissed.

8    **F.    Medical Care**

9    Plaintiff also asserts that he was denied constitutionally adequate medical care.
10    Not every claim by a prisoner relating to inadequate medical treatment states a violation
11    of the Eighth or Fourteenth Amendment.  To state a § 1983 medical claim, a plaintiff
12    must show that the defendants acted with "deliberate indifference to serious medical
13    needs."  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*,
14    429 U.S. 97, 104 (1976)).  A plaintiff must show (1) a "serious medical need" by
15    demonstrating that failure to treat the condition could result in further significant injury
16    or the unnecessary and wanton infliction of pain and (2) the defendant's response was
17    deliberately indifferent.  *Jett*, 439 F.3d at 1096 (quotations omitted).

18    "Deliberate indifference is a high legal standard."  *Toguchi v. Chung*, 391 F.3d
19    1051, 1060 (9th Cir. 2004).  To act with deliberate indifference, a prison official must
20    both know of and disregard an excessive risk to inmate health; "the official must both be
21    aware of facts from which the inference could be drawn that a substantial risk of serious
22    harm exists, and he must also draw the inference."  *Farmer v. Brennan*, 511 U.S. 825,
23    837 (1994).  Deliberate indifference in the medical context may be shown by a
24    purposeful act or failure to respond to a prisoner's pain or possible medical need and
25    harm caused by the indifference.  *Jett*, 439 F.3d at 1096.  Deliberate indifference may
26    also be shown when a prison official intentionally denies, delays, or interferes with
27    medical treatment or by the way prison doctors respond to the prisoner's medical needs.
28    *Estelle*, 429 U.S. at 104-05; *Jett*, 439 F.3d at 1096.

1    Deliberate indifference is a higher standard than negligence or lack of ordinary

2    due care for the prisoner's safety.  *Farmer*, 511 U.S. at 835.  "Neither negligence nor

3    gross negligence will constitute deliberate indifference."  *Clement v. California Dep't of*

4    *Corr.*, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); *see also Broughton v. Cutter Labs.*,

5    622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or

6    "medical malpractice" do not support a claim under § 1983).  "A difference of opinion

7    does not amount to deliberate indifference to [a plaintiff's] serious medical needs."

8    *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).  A mere delay in medical care,

9    without more, is insufficient to state a claim against prison officials for deliberate

10    indifference.  *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407

11    (9th Cir. 1985).  The indifference must be substantial.  The action must rise to a level of

12    "unnecessary and wanton infliction of pain."  *Estelle*, 429 U.S. at 105.

13    Plaintiff alleges that he was in a hospital unit, but he does not allege why or for

14    how long.  Plaintiff has not alleged any facts to support that he suffered from a serious

15    medical need, including a diagnosis or description of symptoms, their severity, and

16    duration.  He also alludes to systemic failures to provide constitutionally adequate

17    medical care to inmates, which caused him to suffer.  But Plaintiff fails to set forth facts

18    to support how any Defendant acted with deliberate indifference to Plaintiff's serious

19    medical needs.  That is, Plaintiff has not alleged facts to support that any Defendant

20    knew, or should have known, that Plaintiff had a serious medical condition and

21    nevertheless failed to act address that serious medical condition.  For these reasons,

22    Plaintiff fails to state a claim for denial of constitutionally adequate medical care.

23    **IV.    Leave to Amend**

24    For the foregoing reasons, Plaintiff's First Amended Complaint will be dismissed

25    for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff

26    may submit a second amended complaint to cure the deficiencies outlined above.  The

27    Clerk of Court will mail Plaintiff a court-approved form to use for filing a second

28    amended complaint.  If Plaintiff fails to use the court-approved form, the Court may

strike the second amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint."  The second amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint or First Amended Complaint by reference.  Plaintiff may include only one claim per count.

A second amended complaint supersedes the original Complaint and First Amended Complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat the original Complaint and First Amended Complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised in the original complaint or first amended complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a second amended complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

**V.    Warnings**

**A.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

**B.    Copies**

Plaintiff must submit an additional copy of every filing for use by the Court.  *See* LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**C.    Possible "Strike"**

Because the First Amended Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file a second amended complaint correcting the deficiencies

identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

### D.    Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    Plaintiff's Application to Proceed *In Forma Pauperis* without paying the balance of the filing fee is **granted**.  (Doc. 11.)

(2)    The First Amended Complaint (Doc. 13) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a second amended complaint in compliance with this Order.

(3)    If Plaintiff fails to file a second amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(4)    The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

Dated this 2nd day of March, 2015.

David G. Campbell
United States District Judge

- 13 -

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>. The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights. These complaints typically concern, but are not limited to, conditions of confinement. **This form should not be used to challenge your conviction or sentence.** If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody. If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>. **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.** The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable. All questions must be answered clearly and concisely in the appropriate space on the form. If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper. You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action. You do not need to cite law.

3. <u>Your Signature</u>. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing and Administrative Fees</u>. The total fees for this action are $400.00 ($350.00 filing fee plus $50.00 administrative fee). If you are unable to immediately pay the fees, you may request leave to proceed *in forma pauperis*. Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>. You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court. You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you. All copies must be identical to the original. Copies may be legibly handwritten.

6. <u>Where to File</u>. You should file your complaint in the division **where you were confined when your rights were allegedly violated**. <u>See</u> LRCiv 5.1(a) and 77.1(a). If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division. If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division. If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division. **Mail the original and one copy of the complaint with the $400 filing and administrative fees or the application to proceed *in forma pauperis* to:**

Revised 5/1/2013                                                    1

Phoenix & Prescott Divisions:       **OR**       Tucson Division:
U.S. District Court Clerk                        U.S. District Court Clerk
U.S. Courthouse, Suite 130                      U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10              405 West Congress Street
Phoenix, Arizona  85003-2119                    Tucson, Arizona  85701-5010

7. <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8. <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

I hereby certify that a copy of the foregoing document was mailed
this _____ (month, day, year) to:
Name:  _____
Address:_____
        Attorney for Defendant(s)
_____
(Signature)

9. <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint. LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10. <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11. <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.  <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

   1.  <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

   2.  <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

   3.  <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

   1.  <u>Nature of Suit</u>. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

   2.  <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

   3.  <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

   You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

   You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.  Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

1.  <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2.  <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3.  <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4.  <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5.  <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

4

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| _____ , | ) | |
| (Full Name of Plaintiff)    Plaintiff, | ) | |
| | ) | |
| vs. | ) | **CASE NO.** _____ |
| | ) | (To be supplied by the Clerk) |
| (1) _____ , | ) | |
| (Full Name of Defendant) | ) | |
| (2) _____ , | ) | |
| | ) | **CIVIL RIGHTS COMPLAINT** |
| (3) _____ , | ) | **BY A PRISONER** |
| | ) | |
| (4) _____ , | ) | ☐ Original Complaint |
| Defendant(s). | ) | ☐ First Amended Complaint |
| ☐ Check if there are additional Defendants and attach page 1-A listing them. | ) | ☐ Second Amended Complaint |

## A.  JURISDICTION

1.  This Court has jurisdiction over this action pursuant to:
    ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
    ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
    ☐ Other: _____.

2.  Institution/city where violation occurred: _____.

**550/555**

## B.  DEFENDANTS

1.   Name of first Defendant: _____.  The first Defendant is employed as:
   _____at_____.
   (Position and Title)                                                 (Institution)

2.   Name of second Defendant: _____.  The second Defendant is employed as:
   _____at_____.
   (Position and Title)                                                 (Institution)

3.   Name of third Defendant: _____.  The third Defendant is employed as:
   _____at_____.
   (Position and Title)                                                 (Institution)

4.   Name of fourth Defendant: _____.  The fourth Defendant is employed as:
   _____at_____.
   (Position and Title)                                                 (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.   Have you filed any other lawsuits while you were a prisoner?          ☐ Yes          ☐ No

2.   If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

   a.  First prior lawsuit:
      1.   Parties: _____ v. _____
      2.   Court and case number:  _____.
      3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
      _____.

   b.  Second prior lawsuit:
      1.   Parties: _____ v. _____
      2.   Court and case number:  _____.
      3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
      _____.

   c.  Third prior lawsuit:
      1.   Parties: _____ v. _____
      2.   Court and case number:  _____.
      3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
      _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.  CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities      ☐ Mail          ☐ Access to the court      ☐ Medical care
☐ Disciplinary proceedings  ☐ Property      ☐ Exercise of religion      ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.   **Administrative Remedies:**
a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your
institution?                                                      ☐ Yes   ☐ No
b.   Did you submit a request for administrative relief on Count I?             ☐ Yes   ☐ No
c.   Did you appeal your request for relief on Count I to the highest level?     ☐ Yes   ☐ No
d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you
did not. _____
_____.

3

## COUNT II

1.  State the constitutional or other federal civil right that was violated: _____

    _____.

2.  **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.

    ☐ Basic necessities      ☐ Mail      ☐ Access to the court      ☐ Medical care

    ☐ Disciplinary proceedings      ☐ Property      ☐ Exercise of religion      ☐ Retaliation

    ☐ Excessive force by an officer      ☐ Threat to safety ☐ Other: _____.

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

    _____

    _____

    _____

    _____

    _____

    _____

    _____

    _____

    _____

    _____

    _____

    _____

    _____

    _____

    _____

    _____.

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

    _____

    _____

    _____.

5.  **Administrative Remedies.**

    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?      ☐ Yes    ☐ No

    b.  Did you submit a request for administrative relief on Count II?      ☐ Yes    ☐ No

    c.  Did you appeal your request for relief on Count II to the highest level?      ☐ Yes    ☐ No

    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

    _____.

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count III.**   Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities            ☐ Mail              ☐ Access to the court      ☐ Medical care
☐ Disciplinary proceedings     ☐ Property          ☐ Exercise of religion     ☐ Retaliation
☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your
institution?                                                                ☐ Yes   ☐ No
b.   Did you submit a request for administrative relief on Count III?        ☐ Yes   ☐ No
c.   Did you appeal your request for relief on Count III to the highest level? ☐ Yes   ☐ No
d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you
did not. _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____

_____

_____

_____

_____

_____

_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____

        DATE           SIGNATURE OF PLAINTIFF


_____

(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____

(Signature of attorney, if any)

_____

_____

(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.